# 25-1888

## United States Court of Appeals

*for the*

## Second Circuit

LAGUERRE LENSENDRO,

*Plaintiff-Appellant,*

– v. –

TRANS UNION LLC,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT (NEW HAVEN)

## BRIEF FOR DEFENDANT-APPELLEE

CAMILLE R. NICODEMUS, ESQ.
QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
*Attorneys for Defendant-Appellee*
10333 North Meridian Street, Suite 200
Indianapolis, Indiana 46290
(317) 497-5600, Ext. 601

CP COUNSEL PRESS   (800) 4-APPEAL • (390660)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... ii

CORPORATE DISCLOSURE STATEMENT .......................................... v

STATEMENT REGARDING ORAL ARGUMENT ............................... vi

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE ISSUE(S) .......................................................... 2

SUMMARY OF THE ARGUMENT ....................................................... 3

STANDARD OF REVIEW ..................................................................... 6

ARGUMENT .......................................................................................... 7

I.     The District Court correctly held that Lensendro's claim under §1681i of the FCRA failed to state a claim because Lensendro's Complaint and attachments thereto established that Trans Union conducted a reasonable reinvestigation ........................... 7

II.    In the alternative, the District Court's determination that Lensendro failed to allege facts to support a claim under §1681e(b) that Trans Union's reporting was either inaccurate or misleading also supports dismissal under §1681i, as both sections require the element of inaccurate or misleading information to state a claim .................................... 9

III.   The District Court correctly dismissed Lensendro's §1681e(b) claim in Count 2 on the grounds that the Complaint failed to allege a factual inaccuracy regarding any information reported or misleading or omitted information that could have an adverse effect on Lensendro's credit applications and the District Court did not improperly resolve any factual disputes ....................................... 13

IV.   The District Court properly dismissed Lensendro's claim of a willful violation of the FCRA pursuant to §1681n because the Complaint failed as a matter of law to allege a violation of any provision of the FCRA ................................................................ 21

V.    The District Court properly denied Lensendro's Motion For Reconsideration as Lensendro identified no clear error in the District Court's decision nor intervening change in the law or new evidence and on appeal Lensendro identifies no abuse of discretion .......... 22

CONCLUSION ...................................................................................... 23

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Aclys Int'l, LLC v. Equifax, Inc.*,
  No. 2:08-CV-00954, 2010 WL 1816248 (D. Utah May 5, 2010) ......................17

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012)........................................................................6

*Artemov v. TransUnion, LLC*,
  No. 20-CV-01892, 2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020) ......................12

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ..............................................................................6

*Berry v. Experian Information Solutions, Inc.*,
  115 F.4th 528 (6th Cir. 2024) ..................................................................11

*Bibbs v. Trans Union LLC*,
  43 F.4th 331 (3d Cir. 2022)......................................................................11

*Chaitoff v. Experian Information Solutions, Inc.*,
  79 F.4th 800 (7th Cir. 2023) ....................................................................11

*Childress v. Experian Info. Sols., Inc.*,
  790 F.3d 745 (7th Cir. 2015).....................................................................16

*Chuluunbat v. Experian Info. Sols., Inc.*,
  4 F.4th 562 (7th Cir. 2021) ......................................................................11

*Cohen v. Equifax Information Services, LLC*,
  827 Fed.Appx. 14 (2nd Cir. 2020) ...................................................... 10, 19, 22

*Davis v. Equifax Info. Servs. LLC*,
  346 F. Supp. 2d 1164 (N.D. Ala. 2004) .......................................................17

*DeAndrade v. Trans Union LLC*,
  523 F.3d 61 (1st Cir. 2008) ......................................................................11

*Desautel v. Experian Info. Sol., LLC*,
  No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736 (D. Minn. May 7, 2020) ..........17

*Frydman v. Experian Information Solutions, Inc.*,
  743 Fed.Appx. 486 (2nd Cir. 2018).............................................................1

*Hammer v. Equifax Info. Servs., LLC,*
    974 F.3d 564 (5th Cir. 2020)...............................................................17

*Hogan v. Fischer,*
    738 F.3d 509 (2d Cir. 2013)...................................................................6

*Khan v. Equifax Info. Servs., LLC,*
    No. 18-CV-6367 (MKB), 2019 WL 2492762 (E.D.N.Y. June 14, 2019) ...........12

*Knox v. Equifax Info. Servs. LLC,*
    No. 3:19-CV-02581-E, 2020 WL 4339016 (N.D. Tex. July 28, 2020).......... 17-18

*Loper Bright Enterprises v. Raimondo,*
    144 S.Ct. 2244 (2024) ...........................................................................20

*Lotes Co. v. Hon Hai Precision Indus. Co.,*
    753 F.3d 395 (2d Cir. 2014)...................................................................12

*Mader v. Experian Info. Sols., Inc.,*
    56 F.4th 264 (2nd Cir. 2023)........................................................... 14, 19

*Mallet v.*
*New York State Department of Corrections and Community Supervision,*
    126 F.4th 125 (2nd Cir. 2025)................................................................12

*Manzano v. Trans Union (of Delaware) LLC,*
    2024 WL 3194091 (S.D.N.Y. June 27, 2024) .............................................8

*Meadows v. United Services, Inc.,*
    963 F.3d 240 (2d Cir. 2020)....................................................................6

*Monkern v. Equifax Info. Servs., LLC,*
    No. 19-CV-6446L, 2021 WL 5239902 (W.D.N.Y. Nov. 10, 2021)....................16

*Pirzinger v. Trans Union, LLC,*
    25-CV-01760, 2025 WL 3206740 (S.D.N.Y. Nov. 14, 2025).............................11

*Reyes v. Equifax Information Services, L.L.C.,*
    140 F.4th 279 (5th Cir. 2025) ................................................................11

*Rogers v. Equifax Info. Svcs. LLC,*
    23-CV-0537, 2024 WL 2862363 (E.D.N.Y. June 6, 2024)..................................7

*Shaw v. Experian Info. Sols., Inc.,*
    891 F.3d 749 (9th Cir. 2018).................................................................11

iii

*Shields v. United States*,
   858 Fed.Appx. 427 (2nd Cir. 2021) ........................................6

*Shimon v. Equifax Information Services LLC*,
   994 F.3d 88 (2nd Cir. 2021)................................... 10, 19

*Silber v. TransUnion, LLC*,
   No. 23-cv-07182 (NSR) (JCM), 2025 WL 588620 (S.D.N.Y.
   Feb. 24, 2025) ........................................................12

*Suluki v. Credit One Bank, NA*,
   138 F.4th 709 (2nd Cir. 2025)................................20

*Swanson v. Central Bank & Trust Co.*,
   No. CIV.A. 5:03-255-JMH, 2005 WL 1719363
   (E.D. Ky. July 14, 2005) .............................. 16-17, 18

*Van Buskirk v. United Group of Companies, Inc.*,
   935 F.3d 49 (2nd Cir. 2019).....................................1, 6

*Wright v. Experian Info. Sols., Inc.*,
   805 F.3d 1232 (10th Cir. 2015)..............................11

**Statutes & Other Authorities:**

15 U.S.C. §1681 ..............................................................1

15 U.S.C. §1681e ..........................................................21

15 U.S.C. §1681e(b) ..............................................*passim*

15 U.S.C. §1681i ....................................................*passim*

15 U.S.C. §1681i(a) ............................................ 11, 12

15 U.S.C. §1681i(a)(1)..................................................10

15 U.S.C. §1681n ........................................... 2, 4, 5, 21

28 U.S.C. §1331 .............................................................1

28 U.S.C. §1915(e)(2)..............................................5, 6

Fed. R. App. P. 3(c)(1)(B) .............................................1

FEDERAL TRADE COMM'N, 40 YEARS OF EXPERIENCE WITH
   THE FAIR CREDIT REPORTING ACT: AN FTC STAFF REPORT
   WITH SUMMARY OF INTERPRETATIONS ..................................15

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant-Appellee Trans Union LLC ("Trans Union"), by and through undersigned counsel, and pursuant to Fed. R. App. P. 26.1, hereby files this Corporate Disclosure Statement. Trans Union LLC is a wholly owned subsidiary of TransUnion Intermediate Holdings, Inc. TransUnion Intermediate Holdings, Inc. is wholly owned by TransUnion. TransUnion is a publicly traded entity on the New York Stock Exchange under ticker symbol: TRU. Massachusetts Financial Services Company, a publicly traded entity, owns 10% or more of TransUnion's stock. No public company directly owns 10% or more of the ownership of Trans Union LLC.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendant-Appellee Trans Union LLC suggests that this matter is straightforward and does not require oral argument.

# JURISDICTIONAL STATEMENT

The District Court had jurisdiction over Plaintiff Laguerre Lensendro ("Lensendro's") claims pursuant to 28 U.S.C. § 1331, as Lensendro alleged claims under a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.  *See* Complaint, generally.

This Court has jurisdiction to review the District Court's June 30, 2025 denial of Lensendro's Motion for Reconsideration identified in his Notice Of Appeal. A-118.  Although not specifically identified in the Notice of Appeal, this Court may exercise jurisdiction over the District Court's April 14, 2025 Order dismissing the Complaint for failure to state a claim. "We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Group of Companies, Inc.*, 935 F.3d 49, 52 (2d Cir. 2019).[1]

---

[1] *But see Frydman v. Experian Information Solutions, Inc.*, 743 Fed.Appx. 486, 487-88 (2nd Cir. 2018) (holding that the Court lacked jurisdiction over an earlier order where the Notice of Appeal "fails to identify as the subject of this appeal the district court's [earlier order]" citing to Fed. R. App. P. 3(c)(1)(B) (requiring the Notice of Appeal to "designate the judgment, order, or part thereof being appealed").

## STATEMENT OF THE ISSUE(S)

I.    Did the District Court correctly hold that Lensendro's claim under §1681i of the FCRA failed to state a claim because Lensendro's Complaint and attachments thereto established that Trans Union conducted a reasonable reinvestigation? Proposed Answer: Yes.

II.    Does the District Court's determination that Lensendro failed to allege facts to support a claim under §1681e(b) that Trans Union's reporting was either inaccurate or misleading also support dismissal under §1681i, as both sections require the element of inaccurate or misleading information to state a claim, and thus permit this Court to affirm on this alternative ground? Proposed Answer: Yes.

III.    Did the District Court correctly dismiss Lensendro's §1681e(b) claim on the grounds that the Complaint failed to allege a factual inaccuracy that could have an adverse effect on Lensendro's credit applications without improperly resolving any factual disputes? Proposed Answer: Yes.

IV.    Did the District Court properly dismiss Lensendro's claim of a willful violation of the FCRA pursuant to §1681n because the Complaint failed as a matter of law to allege a violation of any provision of the FCRA? Proposed Answer: Yes.

V.    Did the District Court properly deny Lensendro's Motion For Reconsideration as Lensendro identified no clear error in the District Court's decision nor intervening change in the law or new evidence and on appeal Lensendro identifies no abuse of discretion? Proposed Answer: Yes.

## SUMMARY OF THE ARGUMENT

The District Court correctly dismissed Count 1 of the Complaint alleging that Trans Union failed to conduct a reasonable reinvestigation of Lensendro's dispute on the grounds that the allegations in the Complaint and the exhibits attached thereto show that "Trans Union complied with the procedural requirements of §1681i." Order, pp. 12-13.  The District Court correctly applied controlling caselaw holding that a consumer must make specific factual allegations sufficient to allege that the consumer reporting agency's investigation was unreasonable because of actions it took or failed to take.  This, Lensendro failed to do, but instead merely disagreed with the conclusion of Trans Union's reinvestigation. Such does not state a claim for failure to conduct a reasonable reinvestigation.

This Court may affirm dismissal of Count 1 of the Complaint on alternative grounds. The District Court correctly held that Lensendro's §1681e(b) claim alleged in Count 2 of the Complaint failed because it did not sufficiently identify any purportedly inaccurate information reported by Trans Union and did not identify any information that was misleading in such a way as to adversely affect his credit.  A-106-113. The failure of this required element doomed Lensendro's §1681e(b) claim and also dooms Lensendro's §1681i claim because both causes of

3

action require, as a threshold matter, that Trans Union reported inaccurate information.

The District Court correctly dismissed Lensendro's §1681e(b) claim after a painstaking review of all of the allegations in the Complaint and determining that it did not allege a factual inaccuracy or information that was misleading in such a way as to have an adverse effect on Lensendro's credit. Moreover, the District Court correctly noted that a "plaintiff is required to 'identify the specific information on [his] credit report that is inaccurate and explain why the identified information is inaccurate." A-107 (emphasis in original). As Lensendro failed to allege such information and explanation in the Complaint, the District Court correctly dismissed his 1681e(b) claim on this ground. The District Court properly examined the Complaint allegations and did not improperly resolve any factual disputes as contended by Lensendro.

The District Court properly dismissed Count 3 of the Complaint alleging a willful violation under §1681n holding that Lensendro "cannot state a claim under Section 1681n unless [he] has shown that the defendant has violated some other provisoin of the FCRA [which] the complaint fails to do." A-114. Since the Complaint fails to state a claim for a violation of the FCRA under Count 1 (§1681i) or Count 2 (§1681e(b)), any claim that a violation was willful under

4

§1681n also fails as a matter of law and the District Court correctly dismissed this Count.

The District Court properly denied Lensendro's Motion For Reconsideration on the grounds that Lensendro's mere disagreement with the Court's analysis in the Order dismissing his Complaint was insufficient to warrant reconsideration. The Court noted that the standard for granting a motion for reconsideration is strict and such will be denied absent a showing of controlling decisions or data that the District Court overlooked.

This Court should affirm the District Court's rulings dismissing Lensendro's Complaint *sua sponte*[2] and denying his Motion for Reconsideration.

---

[2] Lensendro incorrectly states that "Trans Union moved to dismiss." Appellant's Brief, p. 7. However, Trans Union did not file a Motion to Dismiss, but rather, the District Court dismissed the Complaint sua sponte pursuant to 28 U.S.D. §1915(e)(2).

## STANDARD OF REVIEW

This Court reviews *de novo* the District Court's *sua sponte* dismissal of the Complaint pursuant to 28 U.S.C. §1915(e)(2). *Shields v. United States*, 858 Fed.Appx. 427, 428 (2nd Cir. 2021).

Although a *pro se* plaintiff's submissions must be construed liberally, "[n]onetheless, a pro se complaint must state a plausible claim for relief." *Meadows v. United Services, Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). And even a *pro se* complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

"Denials of motions for reconsideration are reviewed only for abuse of discretion." *Van Buskirk v. United Group of Companies, Inc.*, 935 F.3d 49, 53 (2nd Cir. 2019) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

**ARGUMENT**

**I.** **The District Court correctly held that Lensendro's claim under §1681i of the FCRA failed to state a claim because Lensendro's Complaint and attachments thereto established that Trans Union conducted a reasonable reinvestigation.**

The District Court correctly dismissed Count 1 of the Complaint alleging that Trans Union failed to conduct a reasonable reinvestigation of Lensendro's dispute on the grounds that the allegations in the Complaint and the exhibits attached thereto show that "Trans Union complied with the procedural requirements of §1681i." Order, pp. 12-13.

To state a claim under §1681i, the Complaint must include specific factual allegations sufficient to allege that the consumer reporting agency's investigation was unreasonable because of actions it took or failed to take. *See e.g., Rogers v. Equifax Info. Svcs. LLC*, 23-CV-0537 (RPK) (TAM), 2024 WL 2862363, *3 (E.D.N.Y. June 6, 2024) (dismissing Complaint on ground that it was "devoid of factual allegations regarding [consumer reporting agency's] procedures [and] the failure to allege what steps [consumer reporting agency] took or failed to take pertaining to the accuracy of its reports is an independent basis to dismiss plaintiff's FCRA claims").

Here, as noted by the District Court, Lensendro merely disagrees with the conclusion of Trans Union's reinvestigation, but such, without more, does not state a claim for failure to conduct a reasonable reinvestigation. As the District Court

7

held, "[t]he FCRA contemplates that consumer reporting agencies will, at times, disagree with consumers regarding disputed information." A-104.

Indeed, the Complaint fails to allege any specific facts regarding Trans Union's reinvestigation and any actions it took or could have taken that would have impacted whether or not its reinvestigation was unreasonable, as required to state a claim. A-3-17. In the absence of such, there is nothing on which the District Court could have supported a finding that Lensendro sufficiently alleged that Trans Union did not conduct a reasonable reinvestigation. *See, e.g., Manzano v. Trans Union (of Delaware) LLC*, 2024 WL 3194091, *4 (S.D.N.Y. June 27, 2024) (holding that "to state a facially plausible claim that Trans Union failed to conduct a reasonable investigation, [plaintiff] was required to specifically state the unreasonable aspects of its investigation. Examining [the] amended complaint, the Court finds no allegation of what Trans Union did wrong, or what it should have done. In fact, by [plaintiff's] own admission, Trans Union verified his information with the companies of the nine different accounts."

Here, the Complaint contains no allegations that Trans Union's reinvestigation was not conducted reasonably and on appeal, Lensendro disputes only the outcome of the reinvestigation. Appellant's Brief ("App. Br."), generally.

Moreover, as noted by the District Court, "the documents attached to the complaint as exhibits suggest that Trans Union complied with the procedural

8

requirements under §1681i. A-105-106. As described by the District Court, Trans Union's reinvestigation results sent to Lensendro, "inform[ed] the plaintiff that the 'investigation of the dispute [he] submitted is now complete,' the correspondence shares the results of the investigation, the changes made to the plaintiff's report as a result of the investigation, and the steps the plaintiff could take if the 'investigation has not resolved [the] dispute.'" A-99.

As such, the District Court correctly concluded that the Complaint failed to allege facts sufficient to state a claim that Trans Union did not conduct a reasonable reinvestigation under §1681i and this Court should affirm the dismissal of Count 1 of the Complaint.

**II.  In the alternative, the District Court's determination that Lensendro failed to allege facts to support a claim under §1681e(b) that Trans Union's reporting was either inaccurate or misleading also supports dismissal under §1681i, as both sections require the element of inaccurate or misleading information to state a claim.**

As set forth in Section III below, in evaluating Lensendro's claim that Trans Union violated §1681e(b) alleged in Count 2 of the Complaint, the District Court correctly held that Lensendro did not sufficiently identify any purportedly inaccurate information reported by Trans Union and did not identify any information that was misleading in such a way as to adversely affect his credit. A-106-113. The failure of this required element doomed Lensendro's §1681e(b)

9

claim and the District Court correctly dismissed Count 2 of the Complaint as set forth below.

The District Court could have also dismissed Lensendro's §1681i claim on the same ground, as both sections require the element of inaccurate or misleading information to state a claim. Although this Court has not expressly held that §1681i requires an allegation of inaccurate or misleading reporting, it has held that if such a claim were before it, it would so hold: "[a]s with the § 1681e(b) claims, [plaintiff] argues only that the district court wrongly determined that the credit report was accurate and dismissed his § 1681i(a)(1) claim on that basis. Because the district court correctly concluded that the credit report was accurate, Shimon's argument on appeal with respect to his § 1681i(a)(1) claim would fail even if the claim were properly before this Court." *Shimon v. Equifax Information Services LLC,* 994 F.3d 88, n.3 (2nd Cir. 2021); *see also Cohen v. Equifax Information Services, LLC*, 827 Fed.Appx. 14, *16 (2nd Cir. 2020), where this Court affirmed a District Court decision dismissing FCRA claims, noting with approval that "the parties agree[d] that a plaintiff must demonstrate that her credit report contained inaccurate information in order to prevail on a claim under § 1681e(b) or § 1681i."

Indeed, numerous Circuit Courts across the country as well as District Courts within the Second Circuit have held that the required element of inaccurate reporting underlies claims under both sections of the FCRA.

10

"A CRA's liability under both § 1681e(b) and § 1681i(a) depends on inaccurate information." *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800, 811 (7th Cir. 2023). *See also Berry v. Experian Information Solutions, Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) ("we join the weight of authority in other circuits to conclude that a showing of inaccuracy is an essential element of a §1681i claim."); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021) ("A threshold requirement for claims under both sections is that there must be an inaccuracy in the consumer's credit report."); *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344 (3d Cir. 2022) (holding that "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail"); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (same); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (same); *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 66–68 (1st Cir. 2008) (same); *Reyes v. Equifax Information Services, L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) (same).

Similarly, District Courts within the Second Circuit have recognized this principle and so held. *See, e.g., Pirzinger v. Trans Union, LLC*, 25-CV-01760 (PMH), 2025 WL 3206740, *3 (S.D.N.Y. Nov. 14, 2025) ("[i]n considering a challenge under § 1681e(b) or § 1681i, the 'threshold question' is whether the disputed credit information is accurate; if the information is accurate, 'no further inquiry into the reasonableness of the consumer reporting agency's procedure is

11

necessary.'"); *see also Artemov v. TransUnion, LLC*, No. 20-CV-01892, 2020 WL 5211068, at *2 (E.D.N.Y. Sept. 1, 2020) (same); *Silber v. TransUnion, LLC*, No. 23-cv-07182 (NSR) (JCM), 2025 WL 588620, *3 (S.D.N.Y. Feb. 24, 2025) (claims "under U.S.C. §§1681e(b) and 1681i(a) both fail because Defendants' credit report statements were neither inaccurate nor materially misleading"); *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019) (dismissing both Section 1681e(b) and 1681i claims because plaintiff did not "state facts demonstrating that [d]efendant's report about [p]laintiff was inaccurate" and collecting cases).

The District Court's correct holding that Lensendro failed to state a claim under §1681i for failure to sufficiently allege that Trans Union did not conduct a reasonable reinvestigation under §1681i could, in the alternative, be supported by the District Court's holding that Lensendro failed to allege inaccurate or misleading information. This Court "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." *Mallet v. New York State Department of Corrections and Community Supervision*, 126 F.4th 125, n.9 (2nd Cir. 2025) (quoting *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014)).

This Court should explicitly join the Circuit Courts across the country who have held that a §1681i claim fails to state a claim in the absence of allegations of

12

factually inaccurate or materially misleading information and affirm the District Court's dismissal of Count 1 of the Complaint on this additional, alternative ground.

**III.   The District Court correctly dismissed Lensendro's §1681e(b) claim in Count 2 on the grounds that the Complaint failed to allege a factual inaccuracy regarding any information reported or misleading or omitted information that could have an adverse effect on the Lensendro's credit applications and the District Court did not improperly resolve any factual disputes.**

The District Court – after a painstaking review of all of the allegations in the Complaint as to the required element of inaccurate reporting to state a claim under §1681e(b) – concluded that none of the purported "missing," "conflicting" or "incomplete" information alleged by Lensendro constituted a factual inaccuracy or information that was misleading in such a way as to have an adverse effect on Lensendro's credit.  A-106-113.  Moreover, the District Court correctly noted that a "plaintiff is required to 'identify the specific information on [his] credit report that is inaccurate and <u>explain</u> why the identified information is inaccurate."  A-107 (emphasis in original).  As Lensendro failed to allege such information and explanation in the Complaint, the District Court correctly dismissed his 1681e(b) claim on this ground.

Notably, first the District Court examined Lensendro's allegation that Trans Union's reporting was inaccurate based on "the omission of several numbers from the plaintiff's account information and the use of asterisks in place of those

13

numbers," "the use of dollar amounts without decimal points plus the corresponding amount of cents" and "the use of dashes in certain places." A-109. The District Court correctly held that these allegations failed to state a factual inaccuracy because "plaintiff alleges no facts which could show that the information and the manner in which it is conveyed make the report 'patently incorrect or . . . misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" A-109 (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F4th 264, 269 (2nd Cir. 2023).

Moreover, and importantly, the District Court noted that Trans Union truncates account numbers with asterisks "for the purpose of protecting consumers such as the plaintiff" and the District Court quoted Trans Union's investigation results attached to the Complaint that provided "For your protection, your account numbers have been partially masked." A-109. Plaintiff's claim fails as a matter of law because he does not – and cannot – allege that missing decimal points or the use of asterisks or dashes impacts his credit in such a way as to make the reporting inaccurate. As such, allegations that account numbers are truncated fail to state an FCRA claim as a matter of law.

Next, the District Court held that purported "missing or incomplete data" such as balances and past due amounts "for every month listed on the report" simply do not constitute factual inaccuracies because Lensendro "alleges no facts

14

which could show that the credit report did not provide accurate overviews of the activity in and status of each account associated with the plaintiff [merely] because it did not provide month-by-month data." A-110. The District Court correctly noted that "consumer reporting agencies are not responsible for keeping or reproducing an accounting of the monthly activity in and status of each account associated with a consumer." A-111.

In fact, the Federal Trade Commission, the agency formally charged with enforcing the FCRA, has stated that "A [consumer reporting agency] is not required … to add information about accounts not reflected in an existing file, because consumers may dispute only the completeness or accuracy of particular items of information *in the file*."[3]

On appeal, Lensendro wrongly contends that the District Court "improperly resolved factual disputes." App. Br., p. 5. However, nowhere in the District Court's decision did it do any such thing, but rather, the District Court examined the Complaint allegations and determined that they failed to allege any actionable factual inaccuracy, as required to state an FCRA claim.

Lensendro largely improperly fixates on the word "incomplete" from §1681i of the FCRA, contending that Trans Union "must delete an item if it is found to be

---

[3] *See* FEDERAL TRADE COMM'N, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT: AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS, https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf

incomplete, even if it is not factually inaccurate." App. Br., p. 11. But Lensendro completely ignores the voluminous caselaw providing that the FCRA does not affirmatively require Trans Union to report <u>any</u> particular information regarding a consumer and Plaintiff cites to no authority (nor is there any) that a consumer can state a claim by pointing to purportedly "incomplete" information without <u>also</u> showing that the information is "'sufficiently misleading' [to the extent that] 'the reported information is open to an interpretation that is directly contradictory to the true information." A-107 (quoting *Monkern v. Equifax Info. Servs., LLC*, No. 19-CV-6446L, 2021 WL 5239902, at \*4 (W.D.N.Y. Nov. 10, 2021). As the District Court correctly held, "consumer reporting agencies are not responsible for keeping or reproducing an accounting of the monthly activity in and status of each account." A-101.

Indeed, Courts across the country have uniformly held that consumer reporting agencies, like Trans Union, are not required to include any particular accounts or information in a credit report and that liability under the FCRA only ensues if information that <u>is</u> reported is inaccurate. *See, e.g. Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (citing the Federal Trade Commission for the proposition that "consumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports"); *Swanson v. Central Bank & Trust Co.*, No. CIV.A. 5:03-255-JMH,

2005 WL 1719363, at *2 (E.D. Ky. July 14, 2005) (holding that "the FCRA requires only that the information contained in a credit report be accurate," so plaintiffs' claims "that their credit reports were incomplete and misleading because certain information was deleted" could not prevail); *Hammer v. Equifax Info. Servs., LLC*, 974 F.3d 564, 568 (5th Cir. 2020) (granting motion to dismiss where allegation was only that a particular account was not reported, because "the FCRA does not impose … an affirmative duty upon credit reporting agencies to report trade lines"); *Desautel v. Experian Info. Sol., LLC*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020) (holding that omitting an account does not violate the FCRA, because "a [consumer reporting agency] has no obligation to include a tradeline on a credit report ... [A] credit report is not 'inaccurate' or 'materially misleading' simply because it does not mention a particular tradeline"); *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) ("The FCRA does not specifically require a reporting agency to affirmatively add credit data to a report"); *Aclys Int'l, LLC v. Equifax, Inc.*, No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual, only that the information present on a credit report be accurate"), *aff'd sub nom. Aclys Int'l v. Equifax*, 438 F. App'x 689 (10th Cir. 2011); *Knox v. Equifax Info. Servs. LLC*, No. 3:19-CV-02581-E, 2020 WL

17

4339016, at *2 (N.D. Tex. July 28, 2020) (emphasis added) (granting motion to dismiss where plaintiff did "not allege that his credit reports contained inaccurate information; instead, he complain[ed] [of] the <u>omission</u>" of an account).

There is no affirmative duty under the FCRA requiring Trans Union to report credit information, only to maintain reasonable procedures to ensure accuracy of the information that it does report. *See Swanson* at 2.

Finally, the District Court addressed Lensendro's claim that his report was inaccurate because "it is impossible for there to be balances, high balances, credit limits, or other account information associated with accounts that have been 'charged off' or otherwise closed." A-111. The District court rejected this claim n the grounds that a charged off account "does not itself resolve a consumer's debt with respect to that account or eliminate any applicable balance" and also because "consumer reporting agencies may lawfully report accurate information regarding closed accounts." A-111-A112 (internal citations omitted).

On appeal, Lensendro does nothing at all to explain how the District Court's conclusions were incorrect or how his allegations constituted factual inaccuracies, only baldly contending that:

> the court treated accuracy as the only question and overlooked my allegations that Trans Union retained incomplete and unverifiable data after my detailed dispute, my very beautiful very detail with lots of question; I had lots of questions, lots of good question in my report it was very good dispute.

18

App. Br. at p. 8.

First, Lensendro is wrong that the District Court's focus on accuracy was incorrect because "[i]f the information is accurate no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." A106-107 (internal citations omitted). *See also Cohen v. Equifax Information Services, LLC*, 827 Fed.Appx. 14, 18 (2nd Cir. 2020) ("[i]n the absence of any dispute . . . regarding accuracy . . . we do not reach Cohen's argument that the agencies' procedures for reinvestigating disputed information are not "reasonable" under § 1681i.").

On appeal, Lensendro inexplicably rejects this Court's cases including *Mader* and *Shimon v. Equifax*, 994 F.3d 88 (2d Cir. 2021), as having followed "an erroneous pattern." App. Br. at 18. Lensendro wrongly contends that the phrase "maximum possible accuracy" in the FCRA applies to the information reported rather than to the procedures used. It is axiomatic that the FCRA is not a strict liability statute and that Trans Union will not be held liable for reporting inaccurate information if it used reasonable procedures:

> '[M]erely reporting inaccurate information is insufficient to give rise to liability under the FCRA, as the Act is not a strict liability statute.' The FCRA simply requires a reasonable investigation, and a furnisher is not liable for reporting inaccurate information unless its investigation was not reasonable. Moreover, even where an investigation turns out to be unreasonable, a plaintiff asserting a claim against a furnisher must still 'demonstrat[e] that had the furnisher conducted a reasonable investigation, the result would have been

19

different, i.e., that the furnisher would have discovered that the information it reported was inaccurate or incomplete.'

*Suluki v. Credit One Bank, NA*, 138 F.4th 709, 721 (2nd Cir. 2025).

Lastly, Lensendro confusingly contends that the District Court erred because the U.S. Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which reversed prior court deference to federal agency interpretations of the law, somehow has something to do with Trans Union. Lensendro claims that "courts do not exist to rubber-stamp agency conclusions." App. Br. at 15. Lensendro fails to grasp that Trans Union (even though it is a consumer reporting "agency") is not one of the federal agencies that *Loper Bright Enterprises* addressed and that case has nothing to do with Trans Union's obligations under the FCRA or the District Court's decision in this case.

Simply put, Lensendro did not allege factually inaccurate or misleading information reported by Trans Union in the Complaint and the District Court correctly concluded that Trans Union has no affirmative duty to report any information regarding Lensendro and therefore purported "omissions" or "incomplete" information will not support a claim and properly dismissed the Complaint for failure to state a claim. This Court should affirm.

**IV.    The District Court properly dismissed Lensendro's claim of a willful violation of the FCRA pursuant to §1681n because the Complaint failed as a matter of law to allege a violation of any provision of the FCRA.**

The District Court dismissed Count 3 of the Complaint alleging a willful violation under §1681n holding that Lensendro "cannot state a claim under Section 1681n unless [he] has shown that the defendant has violated some other provisoin of the FCRA [which] the complaint fails to do."  A-114. As set forth above and in the Order, the Complaint fails to state a claim for a violation of the FCRA under Count 1 (§1681i) or Count 2 (§1681e(b)) and, as such, any claim that a violation was willful under §1681n also fails as a matter of law.

On appeal, Lensendro merely reiterates his disagreement with the District Court's holding that his allegations fail to state a claim and contends that his allegations were "enough to let the case go forward and decide later if what they did was willful."  App. Br., p. 21.  But nothing in Lensendro's arguments to this Court undercut the District Court's correct conclusion that the Complaint failed to allege required elements sufficient to state a claim for liability against Trans Union under either §1681i or §1681e(b) and thus, it inexorably follows that there can be no recovery under §1681n for willful conduct.

This Court has previously affirmed a District Court's dismissal of a claim under §1681n where plaintiff "failed to demonstrate a violation of § 1681e or § 1681i [and thus] necessarily failed to show a willful violation of those sections."

21

*Cohen v. Equifax Information Services, LLC*, 827 Fed.Appx. 14, *18 (2nd Cir. 2020).

This Court should affirm the dismissal of Count 3 of the Complaint for the reasons set forth by the District Court.

**V.    The District Court properly denied Lensendro's Motion For Reconsideration as Lensendro identified no clear error in the District Court's decision nor intervening change in the law or new evidence and on appeal Lensendro identifies no abuse of discretion.**

The District Court properly denied Lensendro's Motion For Reconsideration on the grounds that Lensendro's mere disagreement with the Court's analysis in the Order dismissing his Complaint was insufficient to warrant reconsideration. The Court noted that the standard for granting a motion for reconsideration is strict and such will be denied absent a showing of controlling decisions or data that the District Court overlooked.  A-116.

The District Court noted that Lensendro failed to identify any of the three possible grounds justifying reconsideration: a change in controlling law, the availability of new evidence or a clear error.  A-115.

On appeal, Lensendro identifies no clear error in the District Court's reasoning and his wide-ranging contentions reflect only Lensendro's mere disagreement with the District Court's analysis. *See* App. Br., generally. Moreover, as set forth above, Lensendro's arguments on appeal ignore controlling caselaw and makes confused references to caselaw that is wholly inapplicable to

22

FCRA claims.  As such, Lensendro has failed to identify any clear error in the District Court's order denying his  Motion for Reconsideration.

The Court should affirm the District Court's denial of Lensendro's Motion for Reconsideration and dismissal of Lensendro's Complaint.

## **CONCLUSION**

The Court should affirm the District Court's Opinion and Order dismissing the Complaint for failure to state a claim and denying the Motion for Reconsideration.

Respectfully submitted,

/s/ *Camille R. Nicodemus*

Camille Nicodemus
Indiana Bar No. 24528-49
cnicodemus@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
10333 N. Meridian Street, Suite 200
Indianapolis, Indiana 46290
Telephone: (317) 497-5600 x601
Facsimile: (317) 899-9248
**Counsel for Appellee Trans Union LLC**

24

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

**1.    Type-Volume**

This document complies with the word limit of FRAP 32(a)(7) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 5,017 words.

**2.    Typeface and Type-Style**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Respectfully submitted,

*/s/ Camille R. Nicodemus*
Camille Nicodemus
Indiana Bar No. 24528-49
cnicodemus@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
10333 N. Meridian Street, Suite 200
Indianapolis, Indiana 46290
Telephone: (317) 497-5600 x601
Facsimile:  (317) 899-9248
***Counsel for Appellee Trans Union LLC***

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 19th day of February, 2026, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served via United States Mail, Postage Pre-Paid on the following party:

Laguerre Lensendro
26 Broad Street, Apt. 4
Norwalk, CT 06851

*/s/ Camille R. Nicodemus*
**CAMILLE R. NICODEMUS**